IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                          :

SWISS CHALET, INC.                              :          CASE NO. 11-04414 (ESL)

                                                :

        Debtor                                  :          CHAPTER 11

_____         :

OPINION AND ORDER

The instant case is before the Court upon two pending contested matters.  The first is the Debtor's *Application for Final Decree* (Docket No. 335) claiming that the plan has been substantially consummated, to which three parties in interest have filed oppositions: the United States Trustee ("US Trustee", Docket No. 337), McP&G, Inc. d/b/a Terranova Realty Group ("Terranova", Docket No. 340) and CPG/GS PR NPL, LLC ("CPG", Docket No. 363).  The second is the Debtor's *Motion to Alter or Amend Order of July 11, 2012* ("*Motion to Alter or Amend*", Docket No. 417) and Terranova's *Opposition* thereto (Docket No. 427).  For the reasons stated below, the *Application for Final Decree* is denied without prejudice and the *Motion to Alter or Amend* and its related motions are held in abeyance until the conclusion of the evidentiary hearing scheduled for February 4, 2013 at 2:00 p.m.

Procedural Background

The Court hereby incorporates the procedural background set forth in the *Opinion and Order* issued on July 11, 2012 (Docket No. 401).

The Debtor's *Joint Amended Plan of Reorganization* was confirmed on February 2, 2012 (the "Plan", Docket No. 226).

On April 13, 2012, the Debtor filed an *Application for Final Decree* (Docket No. 335) claiming that payments had already been made pursuant to the confirmed Plan, that the Plan has been substantially consummated and that therefore a final decree is warranted if no objections are filed.

On April 16, 2012, the US Trustee filed an *Opposition to the Application for Final Decree* (Docket No. 337) claiming that there are still pending motions and contested matters (referring to Docket Nos. 277 and 328) and that the Debtor owed quarterly fees in an estimated amount of $10,400 for the first quarter of 2012, which would continue to accrue until the case is closed.

On April 24, 2012, Terranova filed a *Motion Joining [the US Trustee's] Objection to Application for Final Decree* (Docket No. 340), emphasizing that its *Motion for Payment of Administrative Payment* (Docket No. 140) had not been finally resolved.

On May 1, 2012, the Debtor filed a *Reply to the [US] Trustee's Opposition to Application for Final Decree* (Docket No. 346) arguing that the quarterly fees were not due until April 30, 2012, which would be timely paid, and that like in adversary proceedings, the Court could retain jurisdiction regarding the pending contested matters. Also on May 1, 2012, the Debtor filed a *Reply to [Terranova's] Motion Joining Objection to Application for Final Decree* (Docket No. 347) repeating the same argument.

On May 24, 2012, CPG filed an *Opposition to Application for Final Decree* (Docket No. 363) in essence averring that key core matters remained unresolved, "and for that reason alone, it would not be appropriate to enter a final decree" (Docket No. 363, p. 2, ¶ 5).

On June 5, 2012, the Court entered an *Order and Notice* scheduling a hearing for September 4, 2012 to entertain the *Application for Final Decree* and the *Oppositions* thereto (Docket No. 368).

On July 11, 2012, the Court entered an *Opinion and Order* (Docket No. 401) granting in part the *Motion for Administrative Expenses* to declare Terranova's services an administrative expense but denied it without prejudice in regards to the amounts claimed ordering Terranova to file a detailed statement of the services provided, the dates the same were performed and the amounts.

On July 12, 2012, the Debtor filed a *Reply to [CPG's] Opposition to Application for Final Decree* (Docket No. 405) restating its prior position that the pending adversary proceedings and contested matters do not preclude the Court from entering a final decree, since otherwise the Debtor would be forced to continue to pay quarterly fees to the US Trustee under 28 U.S.C. §1930(a)(6).

On July 19, 2012, the CPG filed a *Sur-Reply to Debtor's Reply* (Docket No. 416) rehashing its prior arguments and adding that although it does not intend to cause the Debtor to incur continuing in additional quarterly fees to the US Trustee, "such is the necessary consequence of the need to keep this main case open so that it can be 'fully administered' and so that the numerous pending contested matters involving the Debtor's failure to properly implement of the Plan can be addressed and resolved by this Court."

On July 21, 2012, the Debtor filed a *Motion to Alter Opinion and Order* (Docket No. 417) under Fed. R. Civ. P. 59(e) challenging the $10,000 monthly charges that Terranova seeks as an administrative expense[1] alleging that they should be carved out. In addition, the Debtor claims that it had recently discovered that Terranova had stopped payments to CRIM.

On August 13, 2012, Terranova filed an *Opposition to [Debtor's] Motion to Alter Opinion and Order* (Docket No. 427) attaching a description of its post-petition rendered services for a total of $99,092.83, including various invoices in the amount of $10,000 corresponding to the months of June, July, August, September[2] of 2011 and January and February[3] of 2012. Terranova justifies the $10,000 monthly fee as an agreed "extended overhead" to be incurred by Terranova upon the Debtor's failure to place the advertisement in *El Nuevo Día*, which was necessary to promote the sales of the Debtor's real estate, and that as a result of said "overhead", the Debtor was able to sell apartments at the tune of over $9,000,000. Terranova concludes that those sales constitute a benefit for the estate "insofar as Debtor was able to pay [with those proceeds] its expenses and its secured creditors" (Docket No. 427, p. 12, ¶ 36).

On August 30, 2012, the Debtor filed a *Reply to [Terranova's] Opposition to Motion to Alter Opinion and Order* (Docket Nos. 437) and an *Amended Reply* (Docket No. 441) in which after rehashing its previous arguments, it contends that it is Terranova who owes it $9,144.97.

---

[1] The Debtor alleges that Terranova is charging $10,000 as a monthly fee for a penalty triggered by the failure of the Debtor to place sales promotion advertisements in the Saturday construction section of *El Nuevo Día* newspaper for four consecutive weeks, subject to the obligation by the Debtor and Terranova of jointly coordinating the advertisements, which they allege never happened. The Court notes, however, that the Debtor's only argument in its brief to that extent was as follows: "it is senseless for Terranova to intend to charge the $10,000 monthly fee, when an advertisement of $400 or $500 would have made the $10,000 provision ineffective, particularly when Terranova, as Debtor's broker failed to coordinate the sales promotion advertisements in the Saturday construction section of *El Nuevo Día* and now proposes to penalize Debtor" (Docket No. 298, p. 9, ¶ 29). No evidence was proffered or attached by the Debtor or by Terranova in that regards, which moved the Court to order Terranova to file a detailed statement of the services provided, the dates the same were performed and the amounts (Docket No. 401).

[2] The Court notes that Terranova issued four (4) separate invoices nos. GP-0067, GP-0068, GP-0069 and GP-0070 for the month of September 2011 (Docket No. 427-1, pp. 8, 9, 11 and 13).

[3] The Court notes that Terranova issued three (3) separate invoices nos. GP-0075, GP-14ATL and GP-0014 for the month of February 2012 (Docket No. 427-1, pp. 17, 18 and 21).

3

On September 4, 2012, the Court held a hearing to consider, *inter alia*, the Debtor's *Application for Final Decree* and other related motions and the matter was taken under advisement (Docket No. 451).

On October 19, 2012, the Debtor filed a *Motion Submitting Additional Evidence as to [Terrranova's] Additional Appropriation of Swiss Chalet, Inc.'s Funds, for Denial of Application for Payment of Administrative Expenses and Other Remedies* (Docket No. 465) alleging that Terranova had disclosed additional appropriation of the Debtor's funds by retaining certain amounts at the closing on the sales of the Debtor's apartments that were supposed to be paid to the Puerto Rico Treasury Department (the "PR Treasury Department"). Thus, the Debtor asserts that with the off-set of Terranova's funds appropriation, the Debtor does not owe any monies to Terranova and conversely, it is Terranova who owes the Debtor $9,678.97.

On October 23, 2012, this Court issued an *Order* (Docket No. 466) for Terranova to oppose the Debtor's *Motion Submitting Additional Evidence...* within 14 days or else the Court may grant the Debtor's request. The *Order* also provided that if a timely opposition was filed by Terranova, the contested matter would be scheduled for an evidentiary hearing to be held on February 4, 2013, in which case the parties were also ordered to file proposed findings of fact and conclusions of law ten (10) days prior to the hearing. Also on October 23, 2012, the Court entered another *Order* scheduling a status conference for January 18, 2013 to consider the settlement negotiations between the Debtor and the PR Treasury Department (Docket No. 467).

On October 26, 2012, the Debtor filed a *Motion in Compliance with Order* (Docket No. 470) informing the agreements reached between the Debtor and the PR Treasury Department, which was granted on November 8, 2012 (Docket No. 473).

On November 7, 2012, Terranova filed a *Motion Requesting Extension of Time* until November 21, 2012 (Docket No. 472) to comply with the *Order* issued on October 23, 2012 (Docket No. 466), which was granted on November 13, 2012 (Docket No. 475).

On November 27, 2012, Terranova filed a *Motion in Compliance with Order and Opposition to Motions Filed by Debtor* (Docket No. 477) claiming that the Debtor's newly discovered proffered evidence in its *Motion Submitting Additional Evidence...* (Docket No. 465) is nothing more than a

claim to offset the amounts allegedly owed, which cannot be used as a collateral attack towards the validity of the *Opinion and Order* entered on July 11, 2012 (Docket No. 401).

Applicable Law & Discussion

*(A)      The Debtor's Application for Final Decree*

Section 350(a) of the Bankruptcy Code directs the court to close a case "[a]fter an estate is fully administered and the Court has discharged the trustee."  Likewise, Fed. R. Bankr. P. 3022 instructs the court to issue a final decree closing a case on its own motion or on motion of a party in interest once the case has been fully administered[4].  The phrase "fully administered" is not defined in the Bankruptcy Code or Rules.  Nevertheless, the 1991 Advisory Committee Notes to Fed. R. Bankr. P. 3022 provide various factors to consider if an estate has been "fully administered":

> Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business of the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) **whether all motions, contested matters, and adversary proceedings have been finally resolved**.  Id. (emphasis added).

Also see Alan N. Resnick & Henry J. Sommer, 3 Collier on Bankruptcy ¶ 350.02 (16th ed. 2012) (citing the factors listed in the 1991 Advisory Committee Notes).  These factors are not exhaustive nor must a party demonstrate all of them for the court to consider that a case to be fully administered.  See In re Union Home & Industrial, Inc., 375 B.R. 912, 917 (B.A.P. 10th Cir. 2007).

In Shotkoski v. Fokkena (In re Shotkoski), 420 B.R. 479, 483 (B.A.P. 8th Cir. 2009), the Bankruptcy Appellate Panel for the Eighth Circuit reasoned that:

> we believe that the decision as to whether an estate is "fully administered" is one that falls within the discretion of the bankruptcy judge.  To be clear, by affirming the bankruptcy court in this case, we are not holding that every individual Chapter 11 case must remain open until such time as all long-term plan payments have been completed and a discharge is entered.  In fact, since the Bankruptcy Code expressly contemplates the reopening of cases and the exercise of continuing jurisdiction by the bankruptcy court (see 11 U.S.C. § 350(b)), we do not disagree with those courts choosing, for

---

[4] After the entry of a final decree, the case may be reopened upon payment of a fee "to administer assets, to accord relief to the debtor, or for other cause."  11 U.S.C. § 350(b).  Also see 28 U.S.C. § 1930(11) regarding the reopening fee.

purposes of convenience and efficiency, to close individual Chapter 11 cases prior to completion of payments and entry of discharge. **Again, we believe it is a case-by-case analysis best left to the discretion of the bankruptcy judge.** Id. at 483 (emphasis added).

Also see In re Mendez, 464 B.R. 63, 65 (Bankr. D. Mass. 2011), quoting and adopting that reasoning from In re Shotkoski, 420 B.R. at 483; In re Provident Financial, Inc., 2010 Bankr. LEXIS 5047 at *26, 2010 WL 6259973 at *9 (B.A.P. 9th Cir. 2010) ("bankruptcy courts have flexibility in determining whether an estate is fully administered by considering the factors set forth in [Fed. R. Bankr. P.] 3022, along with any other relevant factors.") After all, "many of the factors relevant to determining if a case has been 'fully administered' may be known only to the bankruptcy court, based on its experience and oversight of the case." In re Union Home & Industrial, Inc., 375 B.R. at 917.

"[A]n estate cannot be fully administered while there are outstanding motions, contested matters, or adversary proceedings pending before the court." In re Kliegl Brothers Universal Electrical Stage Lighting Company, Inc., 238 B.R. 531, 546 (Bankr. E.D.N.Y. 1999). It then follows that:

> **at a minimum, the concept [of "fully administered"] must mean that administrative claims have been provided for at least to the extent that assets exist out of which administrative claims can be partly or wholly paid**. While we have not been able to find a case specifically holding that "fully administered" requires that administrative creditors be provided for, we note that Section 507(a)(2) administrative expenses are required by Section 1129(a)(9) to be provided for in full in the plan as a prerequisite to confirmation except to the extent that the holder of such claim has otherwise agreed. Id. at 542-543 (emphasis added).

Likewise, "[c]losing the case when it would likely have to be reopened in the near future appears to be a fruitless exercise." In re Union Home & Industrial, Inc., 375 B.R. at 919.

As the Debtor acknowledges in its *Reply to [CPG's] Opposition to Application for Final Decree* (Docket No. 405, pp. 2-3, ¶ 8), in the instant case there are various important pending matters: (a) Adversary Proceeding No. 11-00247, in which a motion for summary judgment and replies thereto are still *sub judice*; (b) the Debtor's motion for the Puerto Rico Aqueduct and Sewer Authority ("PRASA") to show cause and PRASA's opposition thereto, which has been scheduled for a hearing on January 18, 2013 (Docket Nos. 366, 370, 394, 457 and 460); and (c) Terranova's

administrative expenses and the Debtor's *Motion to Alter Opinion and Order*[5], which has been scheduled for an evidentiary hearing on February 4, 2013 (Docket Nos. 401, 417, 427, 437, 441, 465, 466, 472 and 475). Although the Bankruptcy Court may enter a final decree where "minor ministerial functions remain to be performed", Alan N. Resnick & Henry J. Sommer, 3 Collier on Bankruptcy ¶ 350.02 (16th ed. 2012), this Court finds that the pending adversary proceeding and other contested matters, as well as the imminence of the scheduled hearings, are not "minor ministerial functions". Tus, the Court concludes that the estate has not yet been "fully administered" and consequently Debtor's *Application for Final Decree* (Docket No. 335) is denied without prejudice.

*(B)      Motion to Alter Opinion and Order (Docket No. 417)*

Pursuant to the *Order* issued on October 23, 2012 (Docket No. 466), and in consideration of Terranova's *Motion [for] Extension of Time* (Docket No. 472) to reply to the Debtor's *Motion Submitting Additional Evidence... and for Denial of Application of Payment of Administrative Expenses...* (Docket No. 465), this Court holds in abeyance Terranova's claim for administrative expenses, the Debtor's *Motion to Alter Opinion and Order* and subsequent related motions (Docket Nos. 417, 427, 437 and 441) until the conclusion of the evidentiary hearing scheduled for February 4, 2013.

The foregoing further supports this Court's prior ruling denying without prejudice the Debtor's *Application for Final Decree* (Docket No. 335). See In re Kliegl Brothers Universal Electrical Stage Lighting Company, Inc., 238 B.R. at 546 ("the concept [of 'fully administered'] must mean that administrative claims have been provided for at least to the extent that assets exist out of which administrative claims can be partly or wholly paid").

Conclusion

For the reasons above, the Debtor's *Motion for Final Decree* (Docket No. 335) is denied without prejudice. Terranova's claim for administrative expenses, the Debtor's *Motion to Alter*

---

[5] The hearing for this contested matter is even more impending considering that newly discovered evidence has been allegedly found by the Debtor and Terranova as of this date has requested an extension of time to react to those allegations, which was recently granted (Docket Nos. 472 and 475).

*Opinion and Order* and other related motions (Docket Nos. 140, 157, 298, 299, 417, 427, 437, 441, 465 and 477) are held in abeyance until the conclusion of the evidentiary hearing scheduled for February 4, 2013.

SO ORDERED.

In San Juan, Puerto Rico, this 27th day of November 2012.

Enrique S. Lamoutte
United States Bankruptcy Judge