IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                          :

SWISS CHALET, INC.                              :            CASE NO. 11-04414 (ESL)

                                                :

      Debtor                                    :            CHAPTER 11

_____ :

## OPINION AND ORDER

This case is before the court upon the *Motion to Alter or Amend Judgment under [Fed. R. Bankr. P.] 9023 and for Rehearing and/or for Reconsideration under [Fed. R. Bankr. P.] 9024* filed on April 3, 2013 (the "*Motion to Reconsider*", Docket No. 524) by creditor by McP&G, Inc. d/b/a Terranova Realty Group ("Terranova").  Terranova seeks reconsideration of the *Order* entered on April 3, 2013 (Docket No. 523), which reads as follows:

> At the hearing held on February 4, 2013 to consider the request for administrative expenses filed by [Terranova], the court granted Terranova and the Debtor ten (10) days to file proposed findings of fact and conclusions of law.  The court stated that an evidentiary hearing would be scheduled after the proposed findings and conclusions were filed.  See Docket No. 500.  Because the proposed findings of fact and conclusions of law were not filed, on March 7, 2013, the court entered an order for Terranova to show cause why its request for administrative expenses should not be denied for failure to prosecute.  See Docket No. 512.

> On March 15, 2013, Terranova filed its *Answer to Order to Show Cause* (Docket No. 520) stating "its failure to comply with this court's order of filing proposed findings of fact and conclusions of law was solely due to a misplacement of the initial draft sent by Debtor's counsel to the undersigned" and that "within the next five (5) days the parties will proceed to file the proposed findings of fact and conclusions of law as ordered by this court; all within the fourteen day period granted by this Court to show cause at Docket No. 512" (Docket No. 520, pp. 1-2, ¶¶ 2-3).  The extension requested by Terranova elapsed on Wednesday, March 20, 2013.  No additional extension of time was filed, and neither were the proposed findings of fact and conclusions of law or any further motion related to Terranova's administrative expenses whatsoever.

> Thus, as forewarned in Docket No. 512, Terranova's request for administrative expenses is hereby denied.

Because Terranova filed its *Motion to Reconsider* within the 14-days provided in Fed. R. Civ. P. 9023, it will be considered under the scope of Fed. R. Civ. P. 59(e).  See In re Lozada Rivera, 470 B.R. 109, 112-113 (Bankr. D.P.R. 2012); Pérez-Pérez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir. 1993).

Reconsideration under Fed. R. Civ. P. 59(e) is an extraordinary remedy, which is used

sparingly and only when the need for justice outweighs the interests set forth by a final judgment[1]. See Garcia Matos v. Oliveras Rivera (In re Garcia Matos), 478 B.R. 506, 516 (B.A.P. 1st Cir. 2012); Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990). It is directed at allowing a court to correct its own errors. White v.New Hampshire Dep't of Employment Sec., 455 U.S. 445, 450 (1982). "To meet the threshold requirements of a successful [Fed. R. Civ. P.] 59(e) motion, [it] 'must demonstrate the reason why the court should reconsider its prior decision and must set forth facts or law of a strongly convincing nature to induce the court to reverse its earlier decision.'" Schwartz v. Schwartz (In re Schwartz), 409 B.R. 240, 250 (B.A.P. 1st Cir. 2008) (citations omitted). The moving party cannot use a Fed. R. Civ. P. 59(e) motion to cure its procedural defects or to offer new evidence or raise arguments that could and should have been presented originally to the court. Id. at 250; Alberti v. Univ. of P.R., 869 F. Supp. 2d 231, 233 (D.P.R. 2012); Iverson v. City of Boston, 452 F.3d 94, 103 (1st Cir. 2006); Lopez Jimenez v. Pabon Rodriguez (In re Pabon Rodriguez), 233 B.R. 212, 219 (Bankr. D.P.R. 1999); Aybar v. Crispin-Reyes, 118 F. 3d 10, 16 (1st Cir. 1997) (explaining that Fed. R. Civ. P. 59(e) "does not provide a vehicle for a party to undo its own procedural failures [or] allow a party [to] advance arguments that could and should have been presented to the [trial] court prior to judgment"). In order to be successful on a Fed. R. Civ. P. 59(e) motion, the moving party must establish a manifest error of law or fact or must present newly discovered evidence. In re Schwartz, 409 B.R. at 250; Kansky v. Coca-Cola Bottling Co. of New Eng., 492 F.3d 54, 60 (1st Cir. 2007); Landrau-Romero v. BPPR, 212 F.3d 607, 612 (1st Cir. 2000). Fed. R. Civ. P. 59(e) motions cannot be used to re-litigate matters already litigated and decided by the court. Soto-Padró v. Public Bldgs. Auth., 675 F.3d 1, 9 (1st Cir. 2012); Hernandez v. Sealand Servs., 230 F. Supp. 2d 258, 259 (D.P.R. 2002); Standard Química de Venezuela v. Central Hispano International, Inc., 189 F.R.D.202, n.4 (D.P.R. 1999). Case law in the Court of Appeals for the First Circuit "generally offer three grounds for a valid Rule 59(e) motion: an 'intervening change' in the controlling law, a clear legal error, or newly-discovered

---

[1] Contested matters in bankruptcy proceedings are governed by Fed. R. Bankr. P. 9014. Subsection (c) of that rule expressly makes Fed. R. Bankr. P. 7054 (judgments) applicable to contested matters like the instant one.

2

evidence." Soto-Padró, 675 F.3d at 9 (citations omitted). Fed. R. Civ. P. 59(e) motions are generally denied because of the narrow purpose for which they are intended. Id. at 250; In re Pabon Rodriguez, 233 B.R. at 219; 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 (2nd ed. 2012). The trial court has considerable discretion and broad authority in deciding whether granting or denying a Fed. R. Civ. P. 59(e) motion. Ruiz Rivera v. Pfizer Pharms., LLC, 521 F.3d 76, 81-82 (1st Cir. 2008); Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004).

In its *Motion to Reconsider*, Terrranova does not allege an intervening change of law, newly-discovered evidence or manifest error of law. Instead, it reiterates, as it did in its previous *Answer to Order to Show Cause* (Docket No. 520), that the reasons for non-compliance with this court's orders to file the proposed findings of fact and conclusions of law (Docket Nos. 500 and 512) was due to a misplacement of the initial draft sent by the Debtor's counsel to its attorney, that on March 15, 2013, its attorney sent a draft to the Debtor's counsel of the proposed findings of fact and conclusions of law, that it requested 5 days to file the proposed findings of fact and conclusions of law (Docket No. 520, p. 2, ¶ 3), which elapsed on March 20, 2013, and that its second failure to file the proposed findings of fact and conclusions of law was "due to Debtor's counsel previous commitments and the fact that he was outside of Puerto Rico for approximately one week", which is "not attributable to Terranova" (Docket No. 524, p. 3). Terranova, however, did not timely inform the court of the foregoing nor did it request an additional extension of time. It opted instead to idly stand in spite of the prior opportunities this court afforded it in its previous orders.

Under the Anglo-American system of representative litigation, each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts notice of which can be charged upon the attorney. Link v. Wabash R. Co., 370 U.S. 626, 633-634 (1962). Furthermore, in Maples v. Thomas, 132 S. Ct. 912, 922 (2012), the Supreme Court recently explained as follows:

> Cause for a procedural default exists where "something external to the petitioner, something that cannot fairly be attributed to him[,] … 'impeded [his] efforts to comply with the State's procedural rule.'" Coleman v. Thompson, 501 U.S. 722, 753 (1991) (quoting Murray v. Carrier, 477 U. S. 478, 488 (1986)). Negligence on the part of a [litigant's] attorney does not qualify as "cause". Coleman, 501 U.S. at 753. That is so, we reasoned in Coleman, because the attorney is the [litigant's] agent, and under "well-settled principles of agency law," the principal bears the risk of negligent conduct

on the part of his agent. Id. at 753-754. See also Irwin v. Department of Veterans Affairs, 498 U.S. 89, 92 (1990) ("Under our system of representative litigation, 'each party is deemed bound by the acts of his lawyer-agent." (quoting Link v. Wabash R. Co., 370 U.S. 626, 634 (1962)). Thus, when a [litigant's] attorney misses a filing deadline, the [litigant] is bound by the oversight and cannot rely on it to establish cause. Coleman, 501 U.S. at 753-754. We do not disturb that general rule.

Puerto Rico has also adopted the same doctrine. See Tenorio Betancourt v. Hospital Dr. Pila, 159 D.P.R. 777, 785 (2003); Diaz v. Superior Court, 93 P.R.R. 78, 86 (1966) ("every litigant who voluntarily chooses an attorney to represent him in a litigation cannot avoid the consequences of the acts and omissions of such agent") (citing Link v. Wabash R. Co., *supra*).

Terranova is the movant of its claim for administrative expenses and as such carries the burden of prosecution. It failed to do so. The court is not moved by Terranova's explanations in light of the totality of the circumstances surrounding the instant contested matter, especially considering that Terranova failed to comply with the court's previous orders and opportunities regarding the filing of the proposed findings of fact and conclusions of law, nor has it met its burden under Fed. R. Civ. P. 59(e).

In view of the foregoing, Terranova's *Motion to Reconsider* (Docket No. 524) is hereby denied.

SO ORDERED.

In San Juan, Puerto Rico, this 26th day of April, 2013.

Enrique S. Lamoutte
United States Bankruptcy Judge

4